## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| CASCADE INTEGRATED | ) | Case No. 15-23704-HRT |
| SERVICES, LLC | ) | |
| | ) | Chapter 11 |
| EIN: 260252384 | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## PLAN OF LIQUIDATION OF CASCADE INTEGRATED SERVICES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

John Cardinal Parks, 18669
1700 Lincoln Street, Suite 4000
Denver, CO  80203
Telephone: (303) 861-7760
Fax: (303) 861-7767
E-mail: john.parks@lewisbrisbois.com

William L. Medford
Emily Chou
Christina Stephenson
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Phone: (214) 722-7100
Fax: (214) 722-7111
Email:  william.medford@lewisbrisbois.com
Email:  emily.chou@lewisbrisbois.com
Email:  christina.stephenson@lewisbrisbois.com

**ATTORNEYS FOR THE DEBTOR**

Dated: Denver, Colorado
March 30, 2016

(This page intentionally left blank)

# Table of Contents

ARTICLE I DEFINITIONS AND INTERPRETATION ................................................................1

1.1     Administrative Expense Claim ...........................................................1
1.2     Allowed .................................................................................................1
1.3     Avoidance Actions ...............................................................................1
1.4     Balusa Holding, Inc. ............................................................................2
1.5     Bankruptcy Code ..................................................................................2
1.6     Bankruptcy Court .................................................................................2
1.7     Bankruptcy Rules .................................................................................2
1.8     Beneficial Interest ................................................................................2
1.9     Business Day .........................................................................................2
1.10    Cash ........................................................................................................2
1.11    Causes of Action ..................................................................................2
1.12    Chapter 11 Case ...................................................................................2
1.13    Claim .....................................................................................................2
1.14    Claims Register ....................................................................................2
1.15    Class ......................................................................................................2
1.16    Collateral ..............................................................................................2
1.17    Commencement Date ...........................................................................2
1.18    Confirmation Date ...............................................................................3
1.19    Confirmation Hearing ..........................................................................3
1.20    Confirmation Order ..............................................................................3
1.21    Debt has the meaning set forth in section 101(12) of the Bankruptcy Code. .........3
1.22    Debtor ...................................................................................................3
1.23    Deficiency Claim .................................................................................3
1.24    Disclosure Statement ...........................................................................3
1.25    Disputed ................................................................................................3
1.26    Distribution Record Date .....................................................................3
1.27    Effective Date ......................................................................................3
1.28    Equity Interest ......................................................................................3
1.29    Estate ....................................................................................................3
1.30    Final Order ...........................................................................................4
1.31    FIFC means First Insurance Funding Corp. ........................................4
1.32    General Unsecured Claim ....................................................................4
1.33    Law .......................................................................................................4
1.34    Lien .......................................................................................................4
1.35    Liquidating Trust .................................................................................4

1.36    Liquidating Trust Assets .....................................................................4
1.37    Liquidating Trustee .............................................................................4
1.38    Master Service Agreements "Exhibit A" of the Disclosure Statement ...................4
1.39    Person ...................................................................................................4
1.40    Plan .......................................................................................................4
1.41    Priority Non-Tax Claim .......................................................................5

i

| | 1.42 | Priority Tax Claim | 5 |
| | 1.43 | Pro Rata Share | 5 |
| | 1.44 | Retained Cash | 5 |
| | 1.45 | Schedules | 5 |
| | 1.46 | Secured Claim | 5 |
| | 1.47 | Tax Code | 5 |
| | 1.48 | Trust Agreement | 5 |

ARTICLE II ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY TAX CLAIMS .................................................................................................5

| | 2.1 | Administrative Expense Claims | 5 |
| | 2.2 | Compensation and Reimbursement Claims | 6 |
| | 2.3 | Fees Under 28 U.S.C. §1930 | 6 |
| | 2.4 | Priority Tax Claims | 6 |

ARTICLE III CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS ............................6

ARTICLE IV TREATMENT OF CLAIMS AND EQUITY INTERESTS ....................................7

| | 4.1 | Class 1 – Secured Claim of FIFC | 7 |
| | 4.2 | Class 2 – Priority Non-Tax Claims | 7 |
| | 4.3 | Class 3 – General Unsecured Claims | 7 |
| | 4.4 | Class 4 – Equity Interests | 7 |

ARTICLE V PROVISIONS GOVERNING DISTRIBUTIONS ...................................................7

| | 5.1 | Distribution Record Date | 7 |
| | 5.2 | Method of Distributions Under the Plan | 7 |
| | 5.3 | Withholding and Reporting Requirements | 8 |
| | 5.4 | Time Bar to Cash Payments | 8 |
| | 5.5 | Minimum Distributions | 8 |
| | 5.6 | Setoffs | 8 |
| | 5.7 | Transactions on Business Days | 9 |
| | 5.8 | Allocation of Plan Distribution Between Principal and Interest | 9 |

ARTICLE VI MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN ..........9

| | 6.1 | The Liquidating Trust | 9 |
| | 6.2 | Closing of Chapter 11 Case by Charitable Gift | 13 |
| | 6.3 | Existing Securities | 13 |
| | 6.4 | Master Service Agreements | 13 |
| | 6.5 | Liquidating Trustee's Post-Confirmation Role | 13 |
| | 6.6 | Books and Records | 14 |
| | 6.7 | Corporate Action | 14 |
| | 6.8 | Effectuating Documents and Further Transactions | 14 |
| | 6.9 | Securities Exempt | 14 |

ARTICLE VII PROCEDURES FOR DISPUTED CLAIMS ......................................................14

| | 7.1 | Objections to Claims | 14 |

7.2    No Distribution Pending Allowance ...................................................................14
7.3    Estimation .........................................................................................................15
7.4    Allowance of Disputed Claims ..........................................................................15

ARTICLE VIII EXECUTORY CONTRACTS AND UNEXPIRED LEASES ...........................15
8.1    Executory Contracts and Unexpired Leases .......................................................15
8.2    Approval of Rejection of Executory Contracts and Unexpired Leases ................15
8.3    Rejection Claims ...............................................................................................15

ARTICLE IX EFFECTIVENESS OF THE PLAN ...................................................................16
9.1    Condition Precedent to Confirmation of Plan .....................................................16
9.2    Conditions Precedent to Effective Date ..............................................................16
9.3    Satisfaction of Conditions .................................................................................16
9.4    Effect of Nonoccurrence of Conditions to Effective Date ...................................16

ARTICLE X EFFECT OF CONFIRMATION ..........................................................................16
10.1    Vesting of Assets. ............................................................................................16
Agreements ..................................................................................................... 17

10.2    Release of Assets .............................................................................................17
10.3    Binding Effect ..................................................................................................17
10.4    Term of Injunctions or Stays .............................................................................17
10.5    Causes of Action ..............................................................................................17
10.6    Injunction .........................................................................................................17
10.7    Injunction Against Asserting Claims against the Debtor .....................................17
10.8    Injunction Against Interference with Plan ..........................................................17

ARTICLE XI RETENTION OF JURISDICTION ....................................................................18
11.1    Jurisdiction of Bankruptcy Court ......................................................................18

ARTICLE XII CRAMDOWN RESERVATION .......................................................................19
12.1    Nonconsensual Confirmation ............................................................................19

ARTICLE XIII MISCELLANEOUS PROVISIONS .................................................................19
13.1    Substantial Consummation ...............................................................................19
13.2    Exemption from Transfer Taxes ........................................................................19
13.3    Releases and Injunction Related to Releases ......................................................20
13.4    Exculpation ......................................................................................................21
13.5    Discharge of Claims ..........................................................................................21
13.6    Payment of Statutory Fees ................................................................................21
13.7    Modification of Plan .........................................................................................21
13.8    Revocation or Withdrawal of Plan .....................................................................22
13.9    Courts of Competent Jurisdiction ......................................................................22
13.10    Governing Law .................................................................................................22
13.11    Exhibits ...........................................................................................................22
13.12    Successors and Assigns .....................................................................................22
13.13    Time .................................................................................................................22
13.14    Notices .............................................................................................................22

13.15   Entire Agreement ...................................................................................................23

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CASCADE INTEGRATED | ) | Case No. 15-23704-HRT |
| SERVICES, LLC, | ) | |
| | ) | Chapter 11 |
| EIN: 260252384 | ) | |
|     Debtor. | ) | |
| | ) | |
| | ) | |

## PLAN OF LIQUIDATION OF CASCADE INTEGRATED SERVICES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Cascade Integrated Services, LLC, the above-captioned debtor and debtor-in-possession proposes the following Chapter 11 plan of liquidation pursuant to section 1121(a) of title 11 of the United States Code:

## ARTICLE I
## DEFINITIONS AND INTERPRETATION

**DEFINITIONS**.  The following terms used herein shall have the respective meanings defined below (such meanings to be equally applicable to both the singular and plural):

**1.1** **Administrative Expense Claim** means any right to payment constituting a cost or expense of administration of any of the Chapter 11 Case allowed under sections 503(b), 507(a)(1), and 1114(e) of the Bankruptcy Code, including, without limitation, any actual and necessary costs and expenses of preserving the Debtor' estates; any actual and necessary costs and expenses of operating the Debtor' businesses; any indebtedness or obligations incurred or assumed by the Debtor, as Debtor-in-possession, during the Chapter 11 Case.

**1.2** **Allowed** means, with reference to any Claim, (i) any Claim against the Debtor that has been listed by the Debtor in the Schedules, as such Schedules may be amended by the Debtor from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of claim has been filed, (ii) any timely filed Claim as to which no objection to allowance has been interposed in accordance with this Plan, or as to which any objection has been determined by a Final Order to the extent such objection is determined in favor of the respective holder, or (iii) any Claim expressly allowed by a Final Order or hereunder.

**1.3** **Avoidance Actions** means any actions commenced, or that may be commenced, before or after the Effective Date pursuant to section 544, 545, 547, 548, 549, 550, 551 or 553 of the Bankruptcy Code.

**1.4**     **Balusa** means Balusa Holding, Inc., the current sole member of the Debtor and the owner of 100% of its membership interests.

**1.5**     **Bankruptcy Code** means title 11 of the United States Code, as amended from time to time, as applicable to the Chapter 11 Case.

**1.6**     **Bankruptcy Court** means the United States Bankruptcy Court for the District of Colorado, having jurisdiction over the Chapter 11 Case and, to the extent of any reference made under section 157 of title 28 of the United States Code, the unit of such District Court having jurisdiction over the Chapter 11 Case under section 151 of title 28 of the United States Code.

**1.7**     **Bankruptcy Rules** means the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under section 2075 of title 28 of the United States Code, as amended from time to time, applicable to the Chapter 11 Case, and any Local Rules of the Bankruptcy Court.

**1.8**     **Beneficial Interest** means the beneficial interests in the Liquidating Trust for the benefit of the Class 3 General Unsecured Creditors.

**1.9**     **Business Day** means any day other than a Saturday, a Sunday, or any other day on which banking institutions in Denver, Colorado are required or authorized to close by law or executive order.

**1.10**     **Cash** means legal tender of the United States of America.

**1.11**     **Causes of Action** means any and all actions, causes of action, derivative litigation claims, claims against directors and officers, liabilities, obligations, rights, suits, damages, judgments, claims, and demands whatsoever, other than Avoidance Actions, whether known or unknown, existing or hereafter arising, in law, equity, or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Commencement Date or during the course of the Chapter 11 Case.

**1.12**     **Chapter 11 Case** means the Chapter 11 case of the Debtor.

**1.13**     **Claim** has the meaning set forth in section 101(5) of the Bankruptcy Code.

**1.14**     **Claims Register** means the list maintained by the Bankruptcy Court.

**1.15**     **Class** means any group of Claims or Equity Interests classified by the Plan pursuant to section 1122(a)(1) of the Bankruptcy Code.

**1.16**     **Collateral** means any property or interest in property of the estates of the Debtor subject to a lien, charge, or other encumbrance to secure the payment or performance of a Claim, which lien, charge, or other encumbrance is not subject to avoidance under the Bankruptcy Code.

**1.17**     **Commencement Date** means December 16, 2015.

    **1.18**    <u>**Confirmation Date**</u> means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order.

    **1.19**    <u>**Confirmation Hearing**</u> means the hearing to be held by the Bankruptcy Court regarding confirmation of the Plan, as such hearing may be adjourned or continued from time to time.

    **1.20**    <u>**Confirmation Order**</u> means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

    **1.21**    <u>**Debt**</u> has the meaning set forth in section 101(12) of the Bankruptcy Code.

    **1.22**    <u>**Debtor**</u> means Cascade Integrated Services, LLC on and after the Commencement Date and, when the context so requires, in its capacity as debtor and debtor in possession under sections 1107 and 1108 of the Bankruptcy Code, and where the term is used with respect to rights and obligations on or after the Effective Date, it shall mean the Liquidating Trustee.

    **1.23**    <u>**Deficiency Claim**</u> means any portion of a Claim (a) to the extent the value of the holder's interest in the Collateral securing such Claim is less than the amount of such Claim, or (b) to the extent the amount of a Claim subject to setoff is less than the amount of the Claim, each as determined by the Bankruptcy Court under Bankruptcy Code section 506(a).

    **1.24**    <u>**Disclosure Statement**</u> means the disclosure statement relating to the Plan, including, without limitation, all exhibits thereto, as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code.

    **1.25**    <u>**Disputed**</u> means, with respect to any Claim or Equity Interest, any Claim or Equity Interest to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules or that is otherwise disputed by the Debtor in accordance with applicable law, which objection, request for estimation, or dispute has not been settled, waived, withdrawn, or determined by a Final Order. A Claim that is Disputed by the Debtor as to its amount only shall be deemed Allowed in the amount the Debtor admit owing, if any, and Disputed as to the excess.

    **1.26**    <u>**Distribution Record Date**</u> means the date that is the Confirmation Date.

    **1.27**    <u>**Effective Date**</u> means a Business Day on or after the Confirmation Date specified by the Debtor on which (i) no stay of the Confirmation Order is in effect, and (ii) the conditions to the effectiveness of the Plan specified in Section 9.2 hereof have been satisfied or waived.

    **1.28**    <u>**Equity Interest**</u> means the interest of any holder of an equity security of the Debtor represented by any issued and outstanding shares of common or preferred stock or other instrument evidencing a present ownership interest in the Debtor, whether or not transferable, or any option, warrant, or right, contractual or otherwise, to acquire any such interest.

    **1.29**    <u>**Estate**</u> means the estate of the Debtor in the Chapter 11 Case as created under section 541 of the Bankruptcy Code.

1.30 **Final Order** means, as applicable, an order or judgment, entered by the Bankruptcy Court or other court of competent jurisdiction with respect to the relevant subject matter, that has not been amended, modified or reversed, and as to which (i) no stay is in effect, (ii) the time to seek rehearing, file a notice of appeal or petition for certiorari has expired, (iii) no appeal, request for stay, petition seeking certiorari, or other review has been timely filed and is pending and (iv) any appeal that has been taken, any petition for certiorari, or motion for a new trial, reargument or rehearing that has been or may be filed has been resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought; provided, however, that the possibility that a motion under section 502(j) of the Bankruptcy Code, Rule 59 or 60 of the Federal Rules of Civil Procedure, or any analogous rule (whether federal or state) may be but has not then been filed with respect to such order shall not cause such order not to be a Final Order.

1.31 **FIFC** means First Insurance Funding Corp.

1.32 **General Unsecured Claim** means any Claim against the Debtor that is (i) not an Administrative Expense Claim, Priority Tax Claim, Other Secured Claim, or Priority Non- Tax Claim, or (ii) otherwise determined by the Bankruptcy Court to be a General Unsecured Claim.

1.33 **Law** means any law, rule, regulation, order, decree or other requirement having the force of law and, where applicable, any interpretation thereof by an authority having jurisdiction with respect thereto or charged with administration thereof.

1.34 **Lien** means a judicial lien as defined in section 101(36) of the Bankruptcy Code; a lien as defined in section 101(37) of the Bankruptcy Code; a security interest as defined in section 101(51) of the Bankruptcy Code; a statutory lien as defined in section 101(53) of the Bankruptcy Code; and any other lien, interest, charge or encumbrance.

1.35 **Liquidating Trust** means that certain trust that will come into existence upon the Effective Date into which all of the Liquidating Trust Assets will vest pursuant to the Plan, which trust shall be formed pursuant to and governed by the Trust Agreement

1.36 **Liquidating Trust Assets** means all assets of the Estate, other than the Master Service Agreements, including all Causes of Action and Avoidance Actions.

1.37 **Liquidating Trustee** means the trustee of the Liquidating Trust.

1.38 **Master Service Agreements** means the 72 agreements between the Debtor and various parties as set forth on "Exhibit A" of the Disclosure Statement.

1.39 **Person** has the meaning set forth in section 101(41) of the Bankruptcy Code.

1.40 **Plan** means this Chapter 11 plan of liquidation, including exhibits hereto, as the same may be amended or modified from time to time in accordance with the provisions of the Bankruptcy Code and the terms hereof.

**1.41**   **Priority Non-Tax Claim** means any Claim, other than an Administrative Expense Claim or a Priority Tax Claim, entitled to priority in payment as specified in section 507(a)(3), (4), (5), (6), (7), or (9) of the Bankruptcy Code.

**1.42**   **Priority Tax Claim** means any Claim of a governmental unit of the kind entitled to priority in payment as specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

**1.43**   **Pro Rata Share** means at any time, the proportion that the amount of an Allowed Claim in a particular Class bears to the aggregate amount of all Allowed Claims (including Disputed Claims, but excluding Disallowed Claims) in that particular Class, unless the Plan provides otherwise.

**1.44**   **Retained Cash** means the Debtor' cash on hand as of the Effective Date.

**1.45**   **Schedules** means the schedules of assets and liabilities and the statements of financial affairs filed by the Debtor under section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and the Official Bankruptcy Forms of the Bankruptcy Rules as such schedules and statements have been or may be supplemented or amended through the Confirmation Date.

**1.46**   **Secured Claim** means a Claim (i) secured by Collateral, to the extent of the value of such Collateral (a) as set forth in the Plan, (b) as agreed to by the holder of such Claim and the Debtor, or (c) as determined by a Final Order in accordance with section 506(a) of the Bankruptcy Code, or (ii) secured by the amount of any rights of setoff of the holder thereof under section 553 of the Bankruptcy Code.

**1.47**   **Tax Code** means title 26 of the United States Code, as amended from time to time.

**1.48**   **Trust Agreement** means the agreement governing the Liquidating Trust dated as of the Effective Date, substantially in the form included in the Plan Supplement.

**INTERPRETATION; APPLICATION OF DEFINITIONS AND RULES OF CONSTRUCTION**.

The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained therein.  A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code.  The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the Plan.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

**ARTICLE II**
**ADMINISTRATIVE EXPENSE CLAIMS AND PRIORITY TAX CLAIMS**

**2.1**   **Administrative Expense Claims**.  Except to the extent that a holder of an Allowed Administrative Expense Claim agrees to a different treatment, and subject in all respects to Section 2.3 of the Plan, on the Effective Date or as soon thereafter as is reasonably practicable, the Liquidating Trustee shall pay to each holder of an Allowed Administrative

Expense Claim, in full satisfaction of such Claim, an amount in Cash equal to the Allowed amount of such Claim.

Applications for payment of Administrative Expense Claims must be filed with the Bankruptcy Court and served on the Liquidating Trustee no later than the first Business Day that is thirty (30) days after the Confirmation Date. Applications for payment of Administrative Expense Claims filed after this date shall be discharged, forever bared and shall receive no payment under this Plan.

**2.2** **Compensation and Reimbursement Claims**. All entities seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under sections 327, 328, 330, 331, 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred no later than the first Business Day that is thirty (30) days after the Confirmation Date, and (ii) shall be paid by the Liquidating Trustee, in full satisfaction of such Claim, an amount in Cash equal to the Allowed amount of such Claim. Applications for payment of compensation and reimbursement claims filed after this date shall be discharged, forever bared and shall receive no payment under this Plan.

**2.3** **Fees Under 28 U.S.C. §1930**. All fees payable in the Chapter 11 Case under 28 U.S.C. § 1930, will, if not previously paid in full, be paid in Cash on the Effective Date and will continue to be paid by the Liquidating Trustee as required under 28 U.S.C. § 1930 until such time as an order is entered by the Bankruptcy Court closing the Chapter 11 Case

**2.4** **Priority Tax Claims**. Each holder of an Allowed Priority Tax Claim will be paid either (i) the full amount of the Allowed Priority Tax Claim (without post-petition interest or penalty) in Cash on the Effective Date or as soon thereafter as is reasonably practicable, or (ii) such lesser amount as to which the holder of an Allowed Priority Tax Claim and the Liquidating Trustee might otherwise agree.

**ARTICLE III**
**CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS**

The following table designates the Classes of Claims against and Equity Interests in the Debtor and specifies which of those Classes are (i) impaired or unimpaired by the Plan and (ii) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code:

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| Class 1 | Secured Claim of FIFC | Impaired | Yes |
| Class 2 | Priority Non-Tax Claims | Unimpaired | No |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | Equity Interests | Unimpaired | No |

## ARTICLE IV
## TREATMENT OF CLAIMS AND EQUITY INTERESTS

**4.1** **Class 1 – Secured Claim of FIFC.** In the event FIFC is determined to have a perfected, non-avoidable security interest in certain unearned insurance premiums under its Commercial Premium Finance Agreement, FIFC will receive all such unearned insurance premiums on account of its Secured Claim. To the extent FIFC has a Deficiency Claim, it shall be treated as an Allowed Class 3 General Unsecured Claim. In the event FIFC is determined not to have a perfected, non-avoidable security interest in certain unearned insurance premiums under its Commercial Premium Finance Agreement, FIFC's entire claim shall be treated as an Allowed Class 3 General Unsecured Claim.

**4.2** **Class 2 – Priority Non-Tax Claims**. Except to the extent that a holder of an Allowed Priority Non-Tax Claim against the Debtor agrees to a different treatment of such Claim, each such holder shall receive Cash in an amount equal to one hundred percent (100%) of the unpaid amount of such Allowed Priority Non-Tax Claim on the Effective Date or as soon thereafter as is practicable.

**4.3** **Class 3 – General Unsecured Claims**. The holders of Allowed General Unsecured Claims shall receive a Pro Rata Share of the Beneficial Interests in the Liquidating Trust in accordance with the Trust Agreement.

Holders of Beneficial Interest in the Liquidating Trust shall receive their Pro Rata Share of Cash proceeds of the Liquidating Trust Assets.

**4.4** **Class 4 – Equity Interests**. The holder of the membership interest in the Debtor shall retain its interest after the Plan has been confirmed and the Debtor will not be dissolved.

## ARTICLE V
## PROVISIONS GOVERNING DISTRIBUTIONS

**5.1** **Distribution Record Date**. On the Distribution Record Date, the various transfer registers for each of the Classes of Claims or Equity Interests as maintained by the Debtor, or their agents, shall be deemed closed, and there shall be no further changes in the record holders, or record ownership of any of the Claims or Equity Interests. The Liquidating Trustee shall have no obligation to recognize any transfer of record ownership of the Claims, or Equity Interests occurring on or after the Distribution Record Date. The Liquidating Trustee shall be entitled to recognize and deal for all purposes hereunder only with those record holders stated on the transfer ledgers as of the close of business on the Distribution Record Date, to the extent applicable.

**5.2** **Method of Distributions Under the Plan**.

(a) **Effective Date Payments and Transfers by the Liquidating Trustee**. For all Allowed Claims, on the Effective Date, or as soon thereafter as is reasonably practicable, the Liquidating Trustee shall remit to holders of Allowed Claims an amount in Cash equal to the

7

amounts as set forth in the Plan, and to the extent such claims are not otherwise disputed.  All distributions under the Plan will be made by the Liquidating Trustee.

(b)    **Distributions of Cash**.  At the option of the Liquidating Trustee, any Cash payment to be made hereunder may be made by check or wire transfer or as otherwise required or provided in applicable agreements.

(c)    **Delivery of Distributions**.  Subject to Bankruptcy Rule 9010, unless otherwise provided in the Plan, all distributions to any holder of an Allowed Claim will be made to the holder of each Allowed Claim at the address of such holder as listed in the Schedules, or on the books and records of the Debtor or their agents unless the Debtor or Liquidating Trustee have been notified, in advance, in writing of a change of address, including, without limitation, by the timely filing of a proof of claim by such holder that provides an address for such holder different from the address reflected in the Schedules or in the Debtor' books and records.  In the event that any distribution to any holder is returned as undeliverable, no distribution to such holder will be made unless and until the Liquidating Trustee has been notified of the then current address of such holder, at which time or as soon as reasonably practicable thereafter, such distribution will be made to such holder without interest; <u>provided</u>, <u>however</u>, that, such undeliverable distributions will be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of 90 days after the date of distribution and shall be redistributed to the other holders of Beneficial Interests in accordance with the Trust Agreement. The Liquidating Trustee will have no obligation to attempt to locate any holder of an Allowed Claim other than by reviewing the Schedules and its books and records (including any proofs of claim filed against the Debtor).

**5.3    Withholding and Reporting Requirements**.  In connection with the Plan and all instruments issued in connection therewith and distributed thereon, the Liquidating Trustee shall, to the extent practicable, comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions under the Plan shall be subject to any such withholding or reporting requirements.

**5.4    Time Bar to Cash Payments**.  Checks issued by the Liquidating Trustees in respect of Allowed Claims shall be null and void if not negotiated within sixty (60) days after the date of issuance thereof.  Requests for reissuance of any check shall be made to the Liquidating Trustee by the holder of the Allowed Claim to whom such check originally was issued.  Any Claim in respect of such a voided check shall be made on or before thirty (30) days after the expiration of the sixty (60) day period following the date of issuance of such check.  Thereafter, the amount represented by such voided check shall irrevocably revert to the Liquidating Trust and any Claim in respect of such voided check shall be discharged and forever barred from assertion against the Debtor, their property and the Liquidating Trust.

**5.5    Minimum Distributions**.  No payment of Cash less than $25 shall be made by the Liquidating Trustee.

**5.6    Setoffs.**  The Liquidating Trustee  may, but shall not be required to, set off against any Claim (for purposes of determining the Allowed amount of such Claim, on which distribution shall be made), any claims of any nature whatsoever that the Debtor may have

against the holder of such Claim, excluding, however, claims of the Debtor relating to Avoidance Actions, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trustee of any such claim the Debtor may have against the holder of such Claim.

**5.7**   **Transactions on Business Days**.   If the Effective Date or any other date on which a transaction may occur under the Plan shall occur on a day that is not a Business Day, the transactions contemplated by the Plan to occur on such day shall instead occur on the next succeeding Business Day but shall be deemed to have been completed as of the required date.

**5.8**   **Allocation of Plan Distribution Between Principal and Interest**.   All distributions in respect of any Allowed Claim shall be allocated first to the principal amount of such Allowed Claim, as determined for federal income-tax purposes, and thereafter, to the remaining portion of such Claim comprising interest, if any (but solely to the extent that interest is an allowable portion of such Allowed Claim).

## ARTICLE VI
## MEANS FOR IMPLEMENTATION AND EXECUTION OF THE PLAN

**6.1**   **The Liquidating Trust**

(a)   **Execution of Trust Agreement**.   On the Effective Date, the Trust Agreement shall be executed by the Debtor and the Liquidating Trustee, and all other necessary steps shall be taken to establish the Liquidating Trust and the beneficial interests therein.  In the event of any conflict between the terms of this Section 6.2 and the terms of the Trust Agreement, the terms of the Trust Agreement shall govern.

(b)   **Purpose of Liquidating Trust**.   The Liquidating Trust shall be established for the sole purpose of liquidating and distributing its assets, in accordance with Treasury Regulation section 30.1.7701-4(d), with no objective to continue or engage in the pursuit of a trade or business.

(c)   **Liquidating Trust Assets**.   The Liquidating Trust shall consist of the Liquidating Trust Assets.  Any Cash or other property received from third parties from the prosecution, settlement, or compromise of any Cause of Action, Avoidance Action or otherwise shall constitute Liquidating Trust Assets for purposes of distributions under the Liquidating Trust. On the Effective Date, the Liquidating Trust Assets shall automatically vest in the Liquidating Trust, free and clear of all Liens, Claims and encumbrances, except to the extent otherwise provided herein.

(d)   **Governance of Liquidating Trust**.   The Liquidating Trust shall be governed by the Liquidating Trustee in accordance with the Trust Agreement and consistent with the Plan.

(e)   **The Liquidating Trustee**.   The Liquidating Trustee shall be designated on or before the Effective Date by the Debtor.  The designation of the Liquidating Trustee shall be effective on the Effective Date without the need for a further order of the Bankruptcy Court.

(f)    **Nontransferability of Liquidating Trust Interests**.   The beneficial interests in the Liquidating Trust shall not be certificated and are not transferable (except as otherwise provided in the Trust Agreement).

(g)    **Cash**.  The Liquidating Trustee may invest Cash (including any earnings thereon or proceeds therefrom) as permitted by section 345 of the Bankruptcy Code, provided, however, that such investments are investments permitted to be made by a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities.

(h)    **Costs and Expenses of the Liquidating Trustee**.   The costs and expenses of the Liquidating Trust, including the fees and expenses of the Liquidating Trustee and its retained professionals, shall be paid out of the Liquidating Trust Assets.

(i)    **Compensation of the Liquidating Trustee**.   The Liquidating Trustee shall be entitled to reasonable compensation set forth in the Trust Agreement.

(j)    **Distribution of Liquidating Trust Assets**.  The Liquidating Trustee shall distribute Cash at least annually and in accordance with the Trust Agreement, beginning on the Effective Date or as soon thereafter as is practicable, from the Liquidating Trust Assets on hand (including any Cash received from the Debtor on the Effective Date), except such amounts (i) as would be distributable to a holder of a Disputed Claim if such Disputed Claim had been Allowed, prior to the time of such distribution (but only until such Claim is resolved), (ii) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Liquidating Trust Assets during liquidation, (iii) to pay reasonable expenses (including, but not limited to, any taxes imposed on the Liquidating Trust or in respect of the Liquidating Trust Assets), and (iv) to satisfy other liabilities incurred by the Liquidating Trust in accordance with this Plan or the Trust Agreement.  In addition, the Sale Proceeds shall only be distributed upon order of the Bankruptcy Court as provided for herein and in the Sale Order.

(k)    **Retention of Professionals by the Liquidating Trustee**.   The Liquidating Trustee may retain and reasonably compensate counsel and other professionals to assist in its duties as Liquidating Trustee on such terms as the Liquidating Trustee deems appropriate without Bankruptcy Court approval.   The Liquidating Trustee may retain any professional who represented parties in interest in the Chapter 11 Case, including the Debtor.

(l)    **Federal Income Tax Treatment of Liquidating Trust**.

(i)    **Liquidating Trust Assets Treated as Owned by Creditors**.  For all federal income tax purposes, all parties (including, without limitation, the Debtor, the Liquidating Trustee, and the holders of beneficial interests in the Liquidating Trust) shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust for the benefit of the beneficiaries thereof, whether Allowed on or after the Effective Date, as (A) a transfer of the Liquidating Trust Assets directly to the holders of satisfaction of such Claims (other than to the extent allocable to Disputed General Unsecured Claims) followed by (B) the transfer by such holders to the Liquidating Trust of the Liquidating Trust Assets in exchange for, beneficial interests in the Liquidating Trust.   Accordingly, the holders of such Claims shall be treated for

federal income tax purposes as the grantors and owners of their respective shares of the Liquidating Trust Assets.

(ii)     **Tax Reporting**.

(A)     The Liquidating Trustee shall file returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Section 6.2(m).  The Liquidating Trustee shall also annually send to each record holder of a beneficial interest a separate statement setting forth the holder's share of items of income, gain, loss, deduction, or credit and will instruct all such holders to report such items on their federal income tax returns or to forward the appropriate information to the beneficial holders with instructions to report such items on their federal income tax returns.  The Liquidating Trusts taxable income, gain, loss, deduction, or credit will be allocated (subject to Section 6.1(m)(ii)(c) hereof, relating to Disputed General Unsecured Claims) to the holders of Allowed General Unsecured Claims in accordance with their relative beneficial interests in the Liquidating Trust.

(B)     As soon as possible after the Effective Date, but in no event later than ninety (90) days after the Effective Date, the Liquidating Trustee shall make a good faith valuation of the Liquidating Trust Assets.  Such valuation shall be made available from time to time, to the extent relevant, and used consistently by all parties (including, without limitation the, Debtor, the Liquidating Trustee, and the holders of Allowed General Unsecured Claims) for all federal income tax purposes.  The Liquidating Trustee shall also file (or cause to be filed) any other statements, returns, or disclosures relating to the Liquidating Trust that are required by any governmental unit.

(C)     Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests one, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall (i) treat any Liquidating Trust Assets allocable to, or retained on account of, Disputed General Unsecured Claims as held by one or more discrete trusts for federal income tax purposes (the "Liquidating Trust Claims Reserve"), consisting of separate and independent shares to he established in respect of each Disputed General Unsecured Claim, in accordance with the trust provisions of the Tax Code (section 641 *et seq*.), (ii) treat as taxable income or loss of the Liquidating Trust Claims Reserve, with respect to any given taxable year, the portion of the taxable income or loss of the Liquidating Trust that would have been allocated to the holders of Disputed General Unsecured Claims had such Claims been Allowed on the Effective Date (but only for the portion of the taxable year with respect to which such Claims are unresolved), (iii) treat as a distribution from the Liquidating Trust Claims Reserve any increased amounts distributed by the Liquidating Trust as a result of any Disputed General Unsecured Claims resolved earlier in the taxable year, to the extent such distributions relate to taxable income or loss of the Liquidating Trust Claims Reserve determined in accordance with the provisions hereof, and (iv) to the extent permitted by applicable laws report consistent with the foregoing for state and local income tax purposes.  All holders of General Unsecured Claims shall report, for tax purposes, consistent with the foregoing.

(D)     The Liquidating Trustee shall be responsible for payments, out of the Liquidating Trust Assets, of any taxes imposed on the Liquidating Trust or the Liquidating Trust Assets, including the Liquidating Trust Claims Reserve.  In the event, and to the extent, any Cash retained on account of Disputed General Unsecured Claims in the Liquidating Trust Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed General Unsecured Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of Disputed General Unsecured Claims, or (ii) to the extent such Disputed General Unsecured Claims have subsequently been resolved, deducted from any amounts distributable by the Liquidating Trustee as a result of the resolutions of such Disputed General Unsecured Claims.

(E)     The Liquidating Trustee may request an expedited determination of taxes of the Liquidating Trust, including the Liquidating Trust Claims Reserve, under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Liquidating Trust for all taxable periods through the dissolution of the Liquidating Trust.

(m)     **Dissolution**.  The Liquidating Trust and the Liquidating Trustee shall be discharged or dissolved, as the case may be, at such time as (i) all Disputed General Unsecured Claims have been resolved, (ii) all Liquidating Trust Assets have been liquidated, and (iii) all distributions required to be made by the Liquidating Trustee under the Plan have been made, but in no event shall the Liquidating Trust be dissolved later than three (3) years from the Effective Date unless the Bankruptcy Court, upon motion within the one (1) month period prior to the three (3) year anniversary (and, in the case of any extension, within one (1) months prior to the end of such extension), determines that a fixed period extension is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.  The Liquidating Trustee shall not unduly prolong the duration of the Liquidating Trust and shall at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Liquidating Trust Assets and to effect the distribution of the Liquidating Trust Assets in accordance with the terms hereof and terminate the Liquidating Trust as soon as practicable.  Prior to and upon termination of the Liquidating Trust, the Liquidating Trust Assets will be distributed to the beneficiaries of Liquidating Trust, pursuant to the provisions set forth in the Liquidating Trust and the Plan.

(n)     **Indemnification of Liquidating Trustee**.  The Liquidating Trustee or the individuals comprising the Liquidating Trustee, as the case may be, and the Liquidating Trustee's agents and professionals, shall not be liable for actions taken or omitted in its capacity as, or on behalf of, the Liquidating Trustee, except those acts arising out of its or their own willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty, or *ultra vires* acts, and each shall be entitled to indemnification and reimbursement for fees and expenses in defending any and all of its actions or inactions in its capacity as, or on behalf of, the Liquidating Trustee, except for any actions or inactions involving willful misconduct, gross negligence, bad faith, self-dealing, breach of fiduciary duty; or *ultra vires* acts.  Any indemnification claim of the Liquidating Trustee shall be satisfied from the Liquidating Trust Assets.  The Liquidating Trustee shall be entitled to rely, in good faith, on the advice of its retained professionals.

6.2     **Closing of Chapter 11 Case by Charitable Gift**.  If at any time the Liquidating Trustee determines that the expense of administering the Liquidating Trust so as to make a final distribution to Allowed Claims is likely to exceed the value of the assets remaining in the estate or the amount of Cash is not sufficient for a Pro Rata distribution to the holders of Beneficial Interests, the Liquidating Trustee shall have the authority to (i) reserve any amounts necessary to close the Chapter 11 Case, (ii) donate any balance to a non-denominational charitable organization exempt from federal income tax under section 501(c)(3) of the Tax Code that is unrelated to the Liquidating Trustee, and (iii) close the Chapter 11 Case in accordance with the Bankruptcy Code and Bankruptcy Rules.  If the aims or purposes of any charities satisfying the conditions of clause (ii) above relate to benefiting the residents of Denver, Colorado or surrounding areas, then the Liquidating Trustee shall choose any recipients of any donations from among such charities.

6.3     **Existing Securities**.  After the Effective Date, the membership interest in the Debtor will continue to held by Balusa as its current sole member, and the Debtor will not be dissolved on account of the confirmation of the Plan.

6.4     **Master Service Agreements.**     The Debtor's Master Service Agreements shall be abandoned to the Debtor pursuant to section 554(a) as they are of inconsequential value and benefit to the estate.

6.5     **Liquidating Trustee's Post-Confirmation Role**.     Even though, after the Effective Date, Balusa shall retain its membership interest in the Debtor and shall continue to be the managing member of the Debtor, all rights, other than those under the Master Service Agreements, and obligations of the Debtor under this Plan that continue after the Effective Date shall vest in the Liquidating Trustee and shall be the rights and obligations exercisable by the Liquidating Trustee on an after the Effective Date.

(a)     **General Powers**.  In furtherance of and consistent with the purpose of the Liquidating Trust and the Plan, the Liquidating Trustee shall (A) have the power and authority to hold, manage, sell, and distribute the Liquidating Trust Assets in accordance with the Plan, (B) have the power and authority to prosecute and resolve, in the name of the Debtor and/or the name of the Liquidating Trustee, the Causes of Action and Avoidance Actions, (C) have the power and authority to prosecute and resolve objections to Disputed Claims, (D) have the power and authority to perform such other functions as are provided in the Plan, and (E) have the power and authority to administer the closure of the Chapter 11 Case.  The Liquidating Trustee shall be responsible for all decisions and duties with respect to the Liquidating Trust and the Liquidating Trust Assets.  In all circumstances, the Liquidating Trustee shall act in the best interests of all beneficiaries of the Liquidating Trust and in furtherance of the purpose of the Liquidating Trust.

(b)     **Administration of Taxes**.  The Liquidating Trustee shall be authorized to exercise all powers regarding the Debtor' tax matters, including filing tax returns, to the same extent as if the Liquidating Trustee were the Debtor in possession.  Nothing herein shall obligate the Liquidating Trustee to file any tax returns on behalf of the Debtor.

(c) **No Dissolution**.  Upon the completion of the acts required by the Plan to create the Liquidating Trust and to appoint the Liquidating Trustee, the Debtor shall not be deemed to have been dissolved.

**6.6** **Books and Records**.  Unless applicable nonbankruptcy law permits the distribution or destruction of certain of the Debtor' business records at an earlier date, the Liquidating Trustee shall have the responsibility of storing and maintaining books and records until, one year after the Effective Date, after which time such books and records shall be transferred to the Debtor without further Bankruptcy Court order.  For purposes of this Section, books and records include computer generated or computer maintained books and records and computer data, as well as electronically generated or maintained books and records or data, along with books and records of the Debtor maintained by or in possession of third parties and all of the claims and rights of the Debtor in and to their books and records, wherever located.

**6.7** **Corporate Action**.  Upon the Effective Date, the Debtor shall perform each of the actions and effect each of the transfers required by the terms of the Plan, in the time period allocated therefor, and all matters provided for under the Plan that would otherwise require approval of the stockholders, directors, or comparable governing bodies of the Debtor shall be deemed to have occurred and shall be in effect from and after the Effective Date pursuant to the applicable general corporation law (or other applicable governing law) of the state in which the Debtor are incorporated or organized, without any requirement of further action by the stockholders or directors (or other governing body) of the Debtor.

**6.8** **Effectuating Documents and Further Transactions**.  The Debtor and the Liquidating Trustee are authorized and directed to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

**6.9** **Securities Exempt**.  The Beneficial Interests in the Liquidating Trust satisfy the requirements of section 1145 of the Bankruptcy Code and, therefore, such interests are exempt from registration under the Securities Act of 1933, as amended, and any state or local law requiring registration.

## ARTICLE VII
## PROCEDURES FOR DISPUTED CLAIMS

**7.1** **Objections to Claims**.  The Debtor, and from and after the Effective Date the Liquidating Trustee, shall have the exclusive right to object to the FIFC Secured Claim, Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and General Unsecured Claims.

**7.2** **No Distribution Pending Allowance**.  Notwithstanding any other provision hereof, if any portion of a Claim is a Disputed Claim, no payment or distribution provided hereunder shall be made on account of such Claim unless and until such Disputed Claim becomes an Allowed Claim.

**7.3    Estimation**.    The Liquidating Trustee may at any time request that the Bankruptcy Court estimate any contingent, unliquidated, or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code.  In the event that the Bankruptcy Court estimates any contingent, unliquidated, or Disputed Claim, the amount so estimated shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Liquidating Trustee may pursue supplementary proceedings to object to the allowance of such Claim.

**7.4    Allowance of Disputed Claims**.  On or after the Effective Date, if any Disputed Claim becomes an Allowed Claim, the Liquidating Trustee shall distribute to the holder thereof the distributions that such holder would have received had its Claim been Allowed on the Effective Date.

### ARTICLE VIII
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**8.1    Executory Contracts and Unexpired Leases**.    On the Effective Date, all executory contracts and unexpired leases to which the Debtor is a party, other than the Debtor's Master Service Agreements, shall be deemed rejected as of the Effective Date, except for an executory contract or unexpired lease that (i) has been assumed or rejected pursuant to Final Order of the Bankruptcy Court entered prior to the Effective Date or (ii) is the subject of a separate motion to assume or reject filed under section 365 of the Bankruptcy Code by the Debtor prior to the Effective Date.

The Debtor's insurance policies that have expired as of the Confirmation Date (whether entered into prior or subsequent to the Commencement Date) are not executory contracts subject to assumption or rejection.  The insurers shall be responsible for continuing coverage obligations under such insurance policies.

Nothing contained in the Plan shall constitute or be deemed to be a waiver of any cause of action that the Debtor may hold against any entity, including, without limitation, any insurer under any of the Debtor' insurance policies.

**8.2    Approval of Rejection of Executory Contracts and Unexpired Leases**.  Entry of the Confirmation Order shall constitute the approval, pursuant to section 365(a) of the Bankruptcy Code, of the rejection of the executory contracts and unexpired leases rejected as of the Effective Date pursuant to the Plan.

**8.3    Rejection Claims**.  In the event that the rejection of an executory contract or unexpired lease by the Debtor pursuant to the Plan results in damages to the other party to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Debtor or any property to be distributed under the Plan unless a proof of claim is filed with the Bankruptcy Court and served upon the Debtor and Liquidating Trustee on or before the date that is thirty (30) days after the Confirmation Date.

**ARTICLE IX**
**EFFECTIVENESS OF THE PLAN**

**9.1** **Condition Precedent to Confirmation of Plan**.  The following are conditions precedent to the confirmation of the Plan:

(a) The Bankruptcy Court shall have entered a Confirmation Order in form and substance satisfactory to the Debtor.

**9.2** **Conditions Precedent to Effective Date**.  The following are conditions precedent to the Effective Date of the Plan:

(a) The Confirmation Order shall have become a Final Order;

(b) No stay of the Confirmation Order shall then be in effect;

(c) The Debtor shall have selected the Liquidating Trustee and executed and delivered the Trust Agreement, in form and substance reasonably acceptable to the Debtor and the Liquidating Trustee; and

(d) Subject in all respects to Section 2.3 of the Plan, the Debtor shall have sufficient Cash to pay the sum of (i) Allowed Administrative Expense Claims, Allowed Priority Tax Claims, and Allowed Priority Non-Tax Claims, and (ii) an amount that would be required to distribute to the holders of Disputed Administrative Expense Claims, Disputed Priority Tax Claims, and Disputed Priority Non-Tax Claims if all such Claims are subsequently Allowed.  A determination whether the Debtor has sufficient cash under this section shall be made by the Debtor.

**9.3** **Satisfaction of Conditions**.  Any actions required to be taken on the Effective Date shall take place and shall be deemed to have occurred simultaneously.  If the Debtor decides that one of the conditions precedent set forth in Section 9.2 hereof cannot be satisfied and the occurrence of such condition is not waived or cannot be waived, then the Debtor shall file a notice of the failure of the Effective Date with the Bankruptcy Court.

**9.4** **Effect of Nonoccurrence of Conditions to Effective Date**.  If each of the conditions to consummation and the occurrence of the Effective Date has not been satisfied or duly waived on or before 60 days after the entry of the Confirmation Order, the Confirmation Order may be vacated by the Bankruptcy Court.  If the Confirmation Order is vacated pursuant to this Section, the Plan shall be null and void in all respects, and nothing contained in the Plan shall constitute a waiver, or release of any Claims against the Debtor.

**ARTICLE X**
**EFFECT OF CONFIRMATION**

**10.1** **Vesting of Assets.**

(a)     As of the Effective Date, the property of the Estate, other than the Master Service Agreements, shall vest in the Liquidating Trust, and shall constitute the Liquidating Trust Assets.

(b)     As of the Effective Date, all assets of the Debtor' estate shall be free and clear of all Claims and Liens, except as provided in the Plan or the Confirmation Order.

**10.2    Release of Assets**.  Until the Effective Date, the Bankruptcy Court shall retain jurisdiction of the Debtor and its assets and properties.  Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matter set forth in Article XI hereof.

**10.3    Binding Effect**.  Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and their respective successors and assigns, including, but not limited to, the Liquidating Trust and the Liquidating Trustee, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

**10.4    Term of Injunctions or Stays**.  Unless otherwise expressly provided herein, all injunctions or stays arising under or entered during the Chapter 11 Case under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the closing of the Chapter 11 Case.

**10.5    Causes of Action**.  Except as otherwise provided in the Plan, on and after the Effective Date, the Liquidating Trustee shall have the exclusive right to enforce any and all Causes of Action and Avoidance Actions against any person.  The Liquidating Trustee may pursue, abandon, settle, or release any or all Causes of Action and Avoidance Actions as it deems appropriate, without the need to obtain approval or any other or further relief from the Bankruptcy Court.  The Liquidating Trustee may, in its sole discretion, offset any such claim held against a person, against any payment due such person under the Plan.

**10.6    Injunction Against Prosecuting Claims of the Debtor**.  On and after the Confirmation Date, all persons are permanently enjoined from commencing or continuing in any manner any action or proceeding (whether directly, indirectly, derivatively, or otherwise) on account of or respecting any claim, debt, right, or cause of action of the Debtor for which the Liquidating Trustee retains sole and exclusive authority to pursue in accordance with the Plan.

**10.7    Injunction Against Asserting Claims against the Debtor.**    Irrespective of whether confirmation of the Plan discharges the Debtor from pre-Confirmation Claims pursuant to section 1141 of the Bankruptcy Code, as of the Effective Date, all entities that hold pre-Confirmation Claims against the Debtor or its Estate are permanently enjoined from commencing or continuing any action, the employment of process, or any other act to collect, recover, or offset any such Debt as a personal liability of the Debtor and from commencing or continuing any action that does not comply or is inconsistent with the Plan.

**10.8    Injunction Against Interference with Plan**.  Upon the entry of the Confirmation Order, all holders of Claims and Equity Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be

enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

## ARTICLE XI
## RETENTION OF JURISDICTION

      **11.1**   **Jurisdiction of Bankruptcy Court**. The Bankruptcy Court shall retain jurisdiction of all matters arising under, arising out of, or related to the Chapter 11 Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

      (a)   To hear and determine motions for the assumption, assumption and assignment, or rejection of executory contracts or unexpired leases and the allowance of Claims resulting therefrom;

      (b)   To determine any motion, adversary proceeding, application, contested matter, and other litigated matter pending on or commenced after the Confirmation Date; including, without limitation, any proceeding to recover a Cause of Action and Avoidance Actions;

      (c)   To ensure that distributions to holders of Allowed Claims are accomplished as provided herein;

      (d)   To consider Claims or the allowance, classification, priority, compromise, estimation, or payment of any Claim;

      (e)   To enter, implement, or enforce such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

      (f)   To issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any person with the consummation, implementation, or enforcement of the Plan, the Confirmation Order, or any other order of the Bankruptcy Court;

      (g)   To hear and determine any application to modify the Plan in accordance with section 1127 of the Bankruptcy Code, to remedy any defect or omission or reconcile any inconsistency in the Plan, the Disclosure Statement, or any order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary to carry out the purposes and effects thereof;

      (h)   To hear and determine all applications under sections 330, 331, and 503(b) of the Bankruptcy Code for awards of compensation for services rendered and reimbursement of expenses incurred prior to the Confirmation Date;

      (i)   To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, the Confirmation Order, any transactions or payments contemplated hereby, or any agreement, instrument, or other document governing or relating to any of the foregoing;

(j)　　To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Trust Agreement, and to hear and determine all matters involving or relating to the Liquidating Trust or the Liquidating Trustee.

(k)　　To take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation;

(l)　　To recover all assets of the Debtor and property of the Estate, wherever located, which jurisdiction shall not be limited as a result of the transfer of such assets and property to the Liquidating Trust pursuant to the Plan;

(m)　　To determine such other matters and for such other purposes as may be provided in the Confirmation Order;

(n)　　To hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code (including, without limitation, matters with respect to any taxes payable by a trust or reserve established in furtherance of the Plan);

(o)　　To hear and determine any other matters related hereto and not inconsistent with the Bankruptcy Code and title 28 of the United States Code;

(p)　　To hear and determine any pending adversary proceedings as of the Effective Date; and

(q)　　To enter a final decree closing the Chapter 11 Case.

## ARTICLE XII
## CRAMDOWN RESERVATION

**12.1　Nonconsensual Confirmation**.  If any impaired class votes to accept the Plan by the requisite statutory majorities provided in sections 1126(c) and 1126(d) of the Bankruptcy Code, as applicable, or if any impaired class is deemed to have rejected the Plan, the Debtor reserves the right to undertake to have the Bankruptcy Court confirm the Plan under section 1129(c) of the Bankruptcy Code and/or amend the Plan to the extent necessary to obtain entry of a confirmation order.

## ARTICLE XIII
## MISCELLANEOUS PROVISIONS

**13.1　Substantial Consummation**.  On the Effective Date or as soon thereafter as practicable, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127(b) of the Bankruptcy Code.

**13.2　Exemption from Transfer Taxes**.  Subject to orders entered by the Bankruptcy Court prior to the Confirmation Date authorizing certain sales of real property, pursuant to section 1146(c) of the Bankruptcy Code, the assignment or surrender of any lease or sublease, or

the delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any deeds, bills of sale, or assignments executed in connection with any disposition of assets contemplated by the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, sales, use, or other similar tax.

**13.3** **Releases and Injunction Related to Releases**. THE PLAN IS PREMISED UPON THE RELEASES CONTAINED BELOW. THE DEBTOR ASSERTS THAT THE RELEASES ARE BEING GIVEN IN CONSIDERATION FOR THE SERVICE OF THE DEBTOR, ITS MEMBER, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS, PROFESSIONALS, AND AGENTS, (COLLECTIVELY, "RELEASED PARTIES") TO FACILITATE THE REORGANIZATION OF THE DEBTOR AND IMPLEMENTATION OF THE LIQUIDATION CONTEMPLATED BY THE PLAN.

(a) **General Releases by the Debtor and All Parties in Interest. EXCEPT AS OTHERWISE PROVIDED FOR HEREIN, ON THE EFFECTIVE DATE, THE DEBTOR, ALL HOLDERS OF CLAIMS, AND ALL HOLDERS OF EQUITY INTERESTS SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, DISCONTINUE, AND DISCHARGE ALL EXISTING CLAIMS, OBLIGATIONS, PROCEEDINGS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OBJECTIONS TO CLAIMS, AND LIABILITIES THAT ARE BASED IN WHOLE OR IN PART ON ANY ACT, FAILURE TO ACT, OMISSION, TRANSACTION, OR OTHER OCCURRENCE TAKING PLACE ON OR ARISING ON OR PRIOR TO THE EFFECTIVE DATE, SOLELY TO THE EXTENT THAT THE FOREGOING RELATES TO THE DEBTOR, THAT THE DEBTOR, ALL HOLDERS OF CLAIMS, AND ALL HOLDERS OF EQUITY INTERESTS HAS, HAD OR MAY HAVE AGAINST THE RELEASED PARTIES, AND TO THE MAXIMUM EXTENT POSSIBLE, BUT ONLY TO THE EXTENT SUCH CLAIMS ARE DERIVATIVE IN NATURE. NOTWITHSTANDING THE FOREGOING, THE RELEASES PROVIDED HEREIN SHALL NOT AFFECT IN ANY MANNER THE OBLIGATIONS ARISING UNDER THE PROVISIONS OF THE PLAN, INCLUDING THE RIGHT TO ENFORCE THE OBLIGATIONS OF ANY PARTY ARISING UNDER THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, AND DOCUMENTS DELIVERED IN CONNECTION WITH THE PLAN. NOTHING IN THIS PLAN IS INTENDED, NOR SHALL IT BE CONSIDERED, TO ELIMINATE, WAIVE OR RELEASE ANY OF DEBTOR' PRESENT OR FORMER MANAGERS, OFFICERS OR DIRECTORS FROM ANY LIABILITIES THAT MAY HAVE ARISEN OR OCCURRED PRIOR TO THE COMMENCEMENT DATE, INCLUDING, WITHOUT LIMITATION, THE CAUSES OF ACTION AGAINST ANY OF THE DEBTOR' PRESENT OR FORMER MANAGERS, OFFICERS OR DIRECTORS**.

(b) **Injunction Related to Releases. EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN OR TO OTHERWISE ENFORCE THE TERMS OF THE PLAN, AS OF THE CONFIRMATION DATE, THE DEBTOR, ALL HOLDERS OF CLAIMS, AND ALL HOLDERS OF EQUITY INTERESTS, TO THE FULLEST EXTENT PERMITTED BE APPLICABLE LAW, ARE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS ON ACCOUNT OF ANY SUCH DISCHARGED CLAIMS, DEBTS, LIABILITIES, EQUITY INTERESTS, OR**

**OTHER RIGHTS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR PROCEEDING AGAINST THE RELEASED PARTIES OR THEIR RESPECTIVE PROPERTY, OTHER THAN TO ENFORCE ANY RIGHT, PURSUANT TO THE PLAN, TO A DISTRIBUTION; (II) ENFORCING, ATTACHING, COLLECTING OR RECOVERING IN ANY MANNER ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST THE RELEASED PARTIES; (III) ASSERTING A SETOFF, RIGHT OF SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY DEBT, LIABILITY, OR OBLIGATION DUE TO THE RELEASED PARTIES; AND (IV) COMMENCING OR CONTINUING ANY ACTION, IN ANY MANNER, IN ANY PLACE THAT DOES NOT COMPLY WITH OR IS INCONSISTENT WITH THE PROVISIONS OF THE PLAN.**

**13.4    Exculpation.  NEITHER THE DEBTOR NOR ITS MEMBER, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS, PROFESSIONALS, INDEPENDENT CONTRACTORS OR AGENTS, (COLLECTIVELY, "EXCULPATION PARTIES") SHALL HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR EQUITY INTEREST FOR ANY ACT OR OMISSION IN CONNECTION WITH, RELATED TO, OR ARISING OUT OF THE CHAPTER 11 CASE, NEGOTIATIONS REGARDING OR CONCERNING THE PLAN, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR WILLFUL MISCONDUCT OR GROSS NEGLIGENCE, AND, IN ALL RESPECTS, THE EXCULPATION PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.**

13.5    **Discharge of Claims**.  Except as otherwise specifically provided herein or in the Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made hereunder shall discharge all existing debts and Claims of any kind, nature or description whatsoever against or in the Debtor' Estate or any of its assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code.  Except as otherwise provided herein or in the Confirmation Order, upon the Effective Date, all existing Claims against the Debtor' Estate shall be, and shall be deemed to be, discharged and terminated, and all holders of Claims shall be precluded and enjoined from asserting against the Debtor' Estate, or any of its assets or properties, any other or further Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim.

13.6    **Payment of Statutory Fees**.  On the Effective Date, and thereafter as may be required, the Liquidating Trustee shall pay all fees payable pursuant to section 1930 of chapter 123 of title 28 of the United States Code.

13.7    **Modification of Plan**.  The Plan may be amended, modified, or supplemented by the Debtor in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, except as the Bankruptcy Court may otherwise direct.  In addition, after the Confirmation Date, so long as such action does not materially adversely affect the treatment of holders of Claims or

Equity Interests under the Plan, the Debtor may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.  Prior to the Effective Date, the Debtor may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court, *provided* that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims or Equity Interests.

**13.8** **Revocation or Withdrawal of Plan**.  The Debtor reserves the right to revoke or withdraw the Plan at any time prior to the Confirmation.  If the Debtor takes such action, the Plan shall be deemed null and void.

**13.9** **Courts of Competent Jurisdiction**.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of the Plan, such abstention, refusal, or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

**13.10** **Governing Law**.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of (a) the State of Colorado shall govern the construction and implementation hereof and any agreements, documents, and instruments executed in connection with this Plan and (b) the laws of the state of incorporation or organization of the Debtor shall govern corporate or other governance matters with respect to the Debtor, in either case without giving effect to the principles of conflicts of law thereof.

**13.11** **Exhibits**.  All exhibits to the Plan are incorporated into and are a part of the Plan as if set forth in full herein.

**13.12** **Successors and Assigns**.  All the rights, benefits, and obligations of any person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, the heirs, executors, administrators, successors, and/or assigns of such person.

**13.13** **Time**.  In computing any period of time prescribed or allowed by the Plan, unless otherwise set forth herein or determined by the Bankruptcy Court, the provisions of Bankruptcy Rule 9006 shall apply.

**13.14** **Notices**.  All notices, requests and demands to or upon the Debtor to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

If to the Debtor:

Cascade Integrates Services, LLC
16748 E. Smoky Hill Rd
Unit 9C-329
Centennial, CO 80015
Attention:  Robert Pelham

Chief Executive Officer
Telephone:  (970) 274 - 6019

                    and

Lewis Brisbois Bisgaard & Smith, LLP
1700 Lincoln Street
Suite 4000
Denver, CO  80203
Attention:      John Cardinal Parks
Telephone:     (303) 861-7760
Facsimile:      (303) 861-7767

**13.15  Entire Agreement**. Except as otherwise indicated, the Plan supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into the Plan.

Dated: March 30, 2016

                              Respectfully submitted,

                              */s/  John Cardinal Parks*
                              John Cardinal Parks, 18669
                              LEWIS BRISBOIS BISGAARD & SMITH, LLP
                              1700 Lincoln Street, Suite 4000
                              Denver, CO  80203
                              Telephone: (303) 861-7760
                              Fax: (303) 861-7767
                              E-mail: john.parks@lewisbrisbois.com

                              William L. Medford
                              Emily Chou
                              Christina Stephenson
                              2100 Ross Avenue, Suite 2000
                              Dallas, Texas 75201
                              Phone: (214) 722-7100
                              Fax: (214) 722-7111
                              Email:  william.medford@lewisbrisbois.com
                              Email:  emily.chou@lewisbrisbois.com
                              Email:  christina.stephenson@lewisbrisbois.com

                              *ATTORNEYS FOR THE DEBTOR*