# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| CASCADE INTEGRATED ) | Case No. 15-23704 -HRT |
| SERVICES, LLC, ) | |
| ) | Chapter 11 |
| EIN: 260252384 ) | |
|    Debtor. ) | |

## ORDER CONFIRMING SECOND MODIFIED PLAN OF LIQUIDATION OF CASCADE INTEGRATED SERVICES, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

THIS MATTER came before the Court for confirmation upon the Second Modified Plan of Liquidation of Cascade Integrated Services, LLC under Chapter 11 of the Bankruptcy Code (the "**Plan**") [Dkt. No. 225], filed by Cascade Integrated Services, LLC, the debtor and debtor-in-possession (the "**Debtor**"). The Court, having considered the Plan; the *Declaration Under Penalty of Perjury of Robert Pelham in Lieu of Direct Testimony in Support Second Modified Plan of Liquidation of Cascade Integrated Services, LLC under Chapter 11 of the Bankruptcy Code* [Dkt. No. 257]; the *Debtor's Report Regarding (i) Status of Objections to Plan and (ii) Results of Voting on Plan* [Dkt. No. 253]; that the Debtor has timely complied with the Court's *Order Approving Disclosure Statement and Setting Confirmation Hearing* (the "**Order**") [Dkt. No. 218] by adequately serving that Order, the Plan and the Disclosure Statement,[1] and ballots; that no objections have been timely filed to the Plan; and being otherwise fully advised in the premises, finds good cause to confirm the Plan. Accordingly, the Court finds and ORDERS as follows:

1.  The Plan complies with all applicable provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), *see* 11 U.S.C. § 1129(a)(1), the Plan meets the requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor has complied with section 1125 of the Bankruptcy Code.

2.  The Debtor has complied with all applicable provisions of Chapter 11 of the Bankruptcy Code, and the Plan has been proposed in good faith and the Plan is not proposed by any means forbidden by law. *See* 11 U.S.C. §§ 1129(a)(2) and (a)(3).

3.  Any payment of costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by or is subject to the approval of the Court as reasonable and which shall not be paid until the Court approves such costs and expenses (including any processional fees and costs). *See* 11 U.S.C. § 1129(a)(4).

---

[1] Terms not defined herein shall have the meanings ascribed to such terms in the Plan.
4833-2377-0677.1

    4.    The insiders are disclosed with respect to the Debtor's post-confirmation activities. *See* 11 U.S.C. § 1129(a)(5).

    5.    Section 1129(a)(6) of the Bankruptcy Code is inapplicable because there are no governmental regulatory commissions with jurisdiction which, after confirmation of the Plan, oversee the rates of the Debtor that need to approve any rate change and no rate change is expressly conditioned on any such approval.

    6.    With respect to each impaired Class of Claims or Equity Interests, each holder of a Claim or Equity Interest has either accepted the Plan, has been deemed to have accepted the Plan, or will receive or retain under the Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date. *See* 11 U.S.C. § 1129(a)(7).

    7.    Each Class of Claims and Equity Interests in the Plan (i) has been deemed to have accepted the Plan, (ii) voted to accept the Plan, or (iii) shall be "crammed down" because the Plan does not discriminate unfairly and is fair and equitable, as more specifically stated below. *See* 11 U.S.C. §§ 1129(a)(8) and 1129(b)(1) and (b)(2).

        a.    Class 1 – Priority Non-Tax Claims. The holders of Claims in Class 1 (Priority Non-Tax Claims) are unimpaired by the Plan. As a result, holders of Claims in that Class are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

        b.    Class 2 – General Unsecured Claims. The holders of Claims in Class 2 (General Unsecured Claims) are impaired by the Plan. This Class of Claims has voted to accept the Plan with at least two-thirds in amount and more than one-half in number either voting to accept the Plan.

        c.    Class 3 – Equity Interests. The holders of Equity Interests in Class 3 (Equity Interests) are unimpaired by the Plan. As a result, holders of Interests in that Class are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

    8.    Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that:

        a.    with respect to a Claim of a kind specified in sections 507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the Effective Date of the Plan, the holder of such Claim will receive on account of such Claim cash equal to the allowed amount of such Claim;

  b. with respect to a Class of Claims of a kind specified in sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of a Claim of such Class will receive:

    i. if such Class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim; or

    ii. if such Class has not accepted the Plan, cash on the Effective Date equal to the allowed amount of such Claim;

  c. with respect to a Claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, the holder of such Claim will receive on account of such Claim regular installment payments in cash:

    i. of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim;

    ii. over a period ending not later than 5 years after the date of the order for relief under sections 301, 302 or 303 of the Bankruptcy Code; and

    iii. in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the Plan (other than cash payments made to a class of creditors under section 1122(b) of the Bankruptcy Code); and

  d. with respect to a Secured Claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that Claim, the holder of that Claim will receive on account of that Claim, cash payments, in the same manner as prescribed in 11 U.S.C. § 1129(a)(9)(C).

9. At least one impaired Class has voted to accept the Plan, determined without including any acceptances or the Plan by any insider.  *See* 11 U.S.C. § 1129(a)(10).

10. The Plan calls for the liquidation of all of Cascade's assets that are capable of being monetized.  All assets that have not yet been liquidated by Cascade as the debtor in possession herein will be liquidated by the Trustee under the Liquidating Trust established under the Plan.  Cascade will continue its corporate existence, but will not retain any assets other than the Master Service Agreements listed on "Exhibit A" of the Disclosure Statement.  Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of Cascade as it will not recommence business operations, if at all, until market conditions so warrant.  *See* 11 U.S.C. § 1129(a)(11).

11. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provides for the payment of all such fees on the Effective Date of the Plan. *See* 11 U.S.C. § 1129(a)(12).

12. Section 1129(a)(13) of the Bankruptcy Code is inapplicable because the Debtor does not provide for retirement benefits.

13. Section 1129(a)(14) of the Bankruptcy Code is inapplicable because the Debtor is not subject to a judicial or administrative order, or by statute, to pay a domestic support obligation.

14. Section 1129(a)(15) of the Bankruptcy Code is inapplicable because the Debtor is not an individual.

15. Section 1129(a)(16) of the Bankruptcy Code is inapplicable because the Debtor is a for-profit entity.

16. As of the Effective Date, the property of the Debtor and of the Estate shall be transferred to and vest in the Cascade Integrated Services, LLC Liquidating Trust, except as provided in and subject to the terms of the Plan.

17. From and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of its assets and property free of any restrictions of the Bankruptcy Code, but in accordance with the provisions of the Plan.

18. As of the Effective Date, all assets of the Debtor and the Estate shall be free and clear of all Claims, Liens, encumbrances, charges, and other interests, except as provided in the Plan or this Order.

19. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, and to the fullest extent permitted by section 1141 of the Bankruptcy Code, on and after the Effective Date, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor or the Estate and their respective successors and assigns, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

20. Upon the Effective Date, except as otherwise expressly provided herein, each holder (as well as any trustees and agents on behalf of each holder) of a Claim or Equity Interest and any Affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtor, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Causes of Action, interests, rights, and liabilities that arose prior to the Confirmation Date and, upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting any Causes of Action or asserting any such discharged Claim as a personal liability of the Debtor.

21. Subject to the occurrence of the Effective Date, this Order shall constitute a release, discharge, and forgiveness of all claims, demands, or Causes of Action which the Debtor, as debtor-in-possession, or the Estate holds or is entitled to prosecute on behalf of any other party against the

Debtor, its agents, attorneys, or other professionals and all of their respective shareholders, managers, members, officers, directors, employees, agents, advisors, consultants, successors, and assigns in connection with or related to the Chapter 11 Case or the operations of the Debtor's business during the Chapter 11 Case, including, but not limited to, (a) formulating, preparing, disseminating, implementing, confirming, consummating, or administering the Plan (including soliciting acceptances or rejections thereof); (b) the Disclosure Statement or any contract, instrument, release, or other agreement or document entered into or any action taken or omitted to be taken in connection with the Plan; or (c) any distributions made pursuant to the Plan, except for acts constituting willful misconduct or gross negligence, and in all respects such parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

22. Except as set forth in the Plan, all persons or entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor or the Estate and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be permanently enjoined, on and after the Effective Date, with respect to Claims released under the Plan and all Claims and Equity Interests against the Debtor or the Estate, from (a) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the Debtor, the Estate, or their property; (b) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the Estate, or their property; (c) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Estate, or their property; (d) asserting any right of setoff or recoupment, directly or indirectly, against any obligation due the Debtor, the Estate, or any of their property, except as contemplated or allowed by the Plan; (e) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; (f) commencing, continuing, or asserting in any manner any action or other proceeding of any kind with respect to any Claims and Causes of Action that are extinguished or released pursuant to the Plan; and (g) taking any actions to interfere with the implementation or consummation of the Plan.

23. To the extent not addressed herein, the Plan otherwise meets the requirements for confirmation specified under § 1129 of the Bankruptcy Code.

24. The Plan is hereby CONFIRMED.

Dated this 25th day of July, 2016.

BY THE COURT:

_____
Howard R. Tallman, Judge
United States Bankruptcy Court